UNITED STATES DISTRICT COURT
SOUTHERN DISTRICT OF NEW YORK
------------------------------------------------------------------x
GINO D'AMICO,

                                          Petitioner,

           - against -

DAVID MILLER, Superintendent, Eastern
Correctional Facility,

                                          Respondent.
------------------------------------------------------------------x

09-CV-4571 (CS)(GAY)

**ORDER ADOPTING
REPORT AND
RECOMMENDATION**

Seibel, J.

      Before the Court is the Report and Recommendation ("R&R") of Magistrate Judge George A. Yanthis dated December 28, 2011, (Doc. 17), on Petitioner's petition for a writ of *habeas corpus* alleging ineffective assistance of appellate counsel, (Doc 1). Familiarity with the R&R, all previous proceedings, and the standards governing review of R&Rs is assumed. Both parties have submitted objections to the R&R. (Docs. 18, 19.) For the reasons stated below, I adopt the R&R, as supplemented by this Order, as the decision of the Court.

      Respondent argues that Petitioner's counsel, in seeking leave to appeal to the New York Court of Appeals from an order of the Appellate Division, Second Department denying Petitioner's application for a writ of error *coram nobis*, did not specify what issue he was asking the Court of Appeals to review. Rather, he simply attached the papers that had been filed in the Appellate Division. He therefore, according to Respondent, did not adequately exhaust his claim of ineffective assistance of appellate counsel, because under *Jordan v. Lefevre*, 206 F.3d 196, 199 (2d Cir. 2000), a petitioner "may not transfer to the state courts the duty to comb through an applicant's appellate brief to seek and find arguments not expressly pointed out in the application for leave." In *Jordan*, however, the petitioner had specified in his application for

leave one argument he had presented to the Appellate Division, referred only generally and in passing to the remaining arguments, and then tried to raise all of them in federal court on *habeas* review. *See id.* at 198. I doubt that *Jordan* would apply here, where Petitioner raised only one claim before the Appellate Division and sought review in the Court of Appeals, and before this Court, of only that claim. In any event, in light of my rulings on the merits, I need not definitively address the procedural issues raised by Respondent.

Petitioner was convicted of both intentional and reckless conduct arising from the same act. He argues that such convictions are inconsistent under New York law; that therefore trial counsel was ineffective for failing to raise the issue of inconsistency of the verdicts; that therefore appellate counsel was ineffective for failing to raise trial counsel's ineffectiveness or seeking interests-of-justice review of the issue; and that therefore the state courts violated clearly established United States Supreme Court precedent – *Strickland v. Wash.*, 466 U.S. 668 (1984) – in not granting his petition for a writ of *coram nobis* alleging ineffective assistance of appellate counsel.

As a preliminary matter, Respondents are correct that by suggesting that appellate counsel should have sought interests-of-justice review, Petitioner essentially concedes that the issue of inconsistency was not preserved for appellate review. *See* N.Y. Crim. Proc. Law § 470.15(3)(c), (6)(a). Appellate counsel thus could not have been ineffective for failing to raise an unpreserved issue. *See Avincola v. Stinson*, 60 F. Supp. 2d 133, 148-49 (S.D.N.Y. 1999). Further, because interests-of-justice review is entirely a matter of discretion, Petitioner cannot meet *Strickland*'s requirement that he demonstrate that a reasonable probability that but for an unprofessional error by his counsel, the result of the proceeding would have been different. *See Strickland*, 466 U.S. at 694.

2

In any event, appellate counsel could not have been ineffective because the claim Petitioner argues he should have pursued is meritless, or at least its merit is far from clear. Appellate counsel has wide latitude in choosing the issues he or she believes are most likely to prevail. *See Smith v. Robbins*, 528 U.S. 259, 288 (2000); *Avincola*, 60 F. Supp. 2d at 148. Even if counsel's judgment turns out to be incorrect, a finding of substandard performance under *Strickland*'s first prong is appropriate only if he or she "omitted significant and obvious issues while pursuing issues that were clearly and significantly weaker." *Mayo v. Henderson*, 13 F.3d 528, 533 (2d Cir. 1994). A finding of prejudice under *Strickland*'s second prong is appropriate only where a petitioner can "demonstrate that there was a reasonable probability that his claim would have been successful before the state's highest court," *id.* at 534 (internal quotation marks and alterations omitted), such as where a ruling by that court in Petitioner's favor is "easily predictable," *id.* Petitioner cannot make either showing here.

Under New York law, "[t]wo counts are 'inconsistent' when guilt of the offense charged in one necessarily negates guilt of the offense charged in the other." N.Y. Crim. Proc. Law § 300.30(5). Petitioner correctly points out that his convictions in Counts 2 and 3 (under N.Y. Penal Law § 120.10(1) and (2)) required intentional conduct – specifically, intent to cause serious physical injury to Rocco Valenzano and intent to seriously and permanently disfigure Rocco Valenzano, respectively – and that his conviction on Count 4 (under N.Y. Penal Law § 120.10(3)) required reckless conduct – specifically, recklessly engaging in conduct creating a grave risk of death to Katherine Valenzano and/or Rocco Valenzano, in circumstances indicating a depraved indifference to human life. He further argues that because all three convictions arose out of the same conduct – delivering a pipe bomb to the Valenzano residence, with intent to cause serious physical injury and disfigurement to Rocco, but actually causing such injury and

3

disfigurement to Katherine – and all three arose out of the same injuries to the same unintended victim, they are inconsistent under a line of cases beginning with *People v. Gallagher*, 69 N.Y.2d 525 (1987). That case held that a finding that a defendant killed his victim with the intent to cause death in inconsistent with a finding that that same killing occurred recklessly and thus unintentionally. *See id.* at 529. Petitioner therefore argues that because an act can be intentional or reckless but not both, he cannot be guilty both of intentional and reckless conduct in planting the pipe bomb.

I agree with Judge Yanthis that *People v. Trappier*, 87 N.Y.2d 55 (1995), forecloses this argument, or at least renders it so weak that appellate counsel cannot be said to have been ineffective in failing to raise it.[1] *Trappier* held that "[a] defendant could certainly intend one result – serious physical injury – while recklessly creating a grave risk that a different, more serious result – death – would ensue from his actions." *Id.* at 59. That is precisely what the jury found as to Petitioner: he planted the pipe bomb intending serious physical injury and disfigurement, and in doing so he recklessly created a grave risk of death. Likewise, *In re Suarez v. Byrne*, 10 N.Y.3d 523, 540-41 (2008), confirmed that there is no inconsistency between an offense (there, intentional manslaughter) requiring intent to inflict serious physical injury and an offense (there, depraved indifference murder) requiring reckless creation of a different result: a grave risk of death. *See id.* ("[A] defendant can recklessly cause a grave risk of death while intentionally inflicting serious physical injury."). Accordingly, Petitioner could properly be convicted of Counts 2 and 3, requiring intent to inflict serious injury or disfigurement, and of Count 4, requiring reckless creation of a different result: a grave risk of

---

[1] *People v. Moloi*, 135 A.D.2d 576, 577-78 (2d Dep't 1987), a post-*Gallagher* case, squarely rejected the argument Petitioner raises here even before *Trappier* was decided.

4

death. In other words, the risk Petitioner created recklessly (death) was not the same risk he intended (injury or disfigurement).

The cases to which Petitioner points are distinguishable in that they involved defendants who were convicted of intending and of recklessly creating a risk of, or being depravedly indifferent to, the same result. In *People v. Rodriguez*, 69 A.D.3d 143, 146-47 (2d Dep't 2009), for example, the Court held that where separate counts are predicated on a particular act giving rise to a particular result, convictions on those counts are inconsistent if one count alleges a particular culpable mental state as to that result and another count alleges a different culpable mental state as to that same result. Here Petitioner was convicted of intending one result and being reckless as to a different result. Likewise, in *People v. Gonzalez*, 1 N.Y.3d 464, 468 (2004), the Court held that a defendant cannot both intend death and be indifferent to whether death results. But nothing in *Gonzalez* suggests that he could not both intend injury and be indifferent as to whether a different result – death – occurs. Finally, in *People v. Persaud*, 25 A.D.3d 626, 627 (2d Dep't 2006), the Court held that a defendant who intends serious injury cannot simultaneously act with conscious disregard of a substantial risk that that very result would occur. But nothing in *Persaud* suggests that it would be inconsistent to find that a defendant who intends serious injury can also act with conscious (or reckless) disregard of a different result. Had Petitioner been found both to have intended injury and disfigurement to Rocco and to have recklessly engaged in conduct creating a risk of injury and disfigurement to Rocco, his situation might fit within the line of cases he cites, because he cannot have both intended and been reckless as to the same outcome. But he was convicted of having the intent to cause one result (injury/disfigurement) and of recklessly creating a grave risk of another result

5

(death). In other words, the risk as to which he was depravedly indifferent or reckless was not the same result he intended.

In short, as Judge Yanthis found, Petitioner could have both intended to injure and disfigure Rocco while also recklessly creating a grave risk of death to Rocco and/or Katherine. The state of mind of intent to injure does not negate, let alone necessarily negate, the state of mind of reckless disregard of a grave risk of death. *See* N.Y. Crim. Proc. Law § 303.30(5). Trial counsel was therefore not ineffective for failing to request that Count 4 be charged in the alternative or in failing to object to an inconsistent verdict. Appellate counsel was likewise therefore not ineffective in failing to pursue the matter via a request for interests-of-justice review or an accusation of ineffective assistance on trial counsel's part. At the very least, the argument Petitioner now advances was not so obviously stronger than the issues that appellate counsel chose to raise that his performance can be said to be substandard, and Petitioner has not shown a reasonable probability that he would have prevailed had appellate counsel raised the issue. *See People v. Carter*, 7 N.Y.3d 875, 876-77 (2006) (no ineffective assistance from failure to argue on appeal that assault count requiring intent to injury was inconsistent with assault count requiring reckless conduct creating grave risk of death; while counsel might have had an argument, claim not so compelling, given *Trappier*, that failure to raise it amounted to ineffective assistance); *see also Suarez*, 10 N.Y.3d at 540 (closing loophole under which *Carter* counsel might have had an argument). The state court adjudication that Petitioner was not deprived of effective assistance of appellate counsel was thus not contrary to, and did not involve an unreasonable application of, clearly established federal law as enunciated by the Supreme Court. *See Sellan v. Kuhlman*, 261 F.3d 303, 315-17 (2d Cir. 2001).

6

Accordingly, for the reasons stated above, I adopt the R&R, as supplemented by this Order, as the decision of the Court. The petition is dismissed. As Petitioner has not made a substantial showing of the denial of a constitutional right, a certificate of appealability will not issue. *See* 28 U.S.C. § 2253(c); *Lozada v. United States*, 107 F.3d 1011, 1016-17 (2d Cir. 1997), *abrogated on other grounds by United States v. Perez*, 129 F.3d 255, 259-60 (2d Cir. 1997). The Clerk of Court is respectfully directed to close the case.

SO ORDERED.

Dated: June 13, 2012
White Plains, New York

_____
CATHY SEIBEL, U.S.D.J.